```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
```
U.S. UNDERWRITERS INSURANCE CO.,
                                    Plaintiff(s),          **ORDER**
                                                           CV 06-1130(JFB)(WDW)
        -against-

WILLIAM ZIERING, et al.,
                                    Defendant(s).
```
----------------------------------------------------------------X
```
**WALL, Magistrate Judge:**

Before the court is a motion to compel made by defendants William Ziering and 444 Franklin Avenue Corporation. DE[37]. For the reasons set forth herein, the motion is granted. The plaintiff shall produce the documents within ten days of the date of this order. If the plaintiff appeals this order to the district judge, the documents must be produced within one week of Judge Bianco's ruling, if he affirms this order. In either case, a new schedule for the filing of dispositive motions and the joint proposed pretrial order will be entered.

### BACKGROUND

In this insurance coverage action, filed on 3/13/06, the plaintiff U.S. Underwriters Insurance ("Underwriters") seeks a declaratory judgment upholding its disclaimer of coverage to its insured, defendant William Ziering d/b/a 444 Franklin Avenue Corporation (collectively, "Ziering"). There is an underlying property damage suit filed by Felicia Davis in New York Supreme Court, Kings County, alleging damages caused by construction activities undertaken by Ziering near Davis's property ("the Davis action"). Underwriters has provided a defense to Ziering in the underlying suit, although it seeks in this action, a judgment declaring that it is obligated to neither defend nor indemnify Ziering. *See* DE[1].

In January 2008, Ziering moved for permission to amend its answer to assert an

affirmative defense of estoppel, arguing that it had learned that the same Underwriters' claims examiner was controlling both the underlying litigation and this one, to Ziering's harm. Because Underwriters did not erect a screen between those individuals managing Ziering's defense in the state court action and prosecuting Underwriters' claim in this action, Ziering argued, Underwriters is estopped from denying coverage. *See* DE[22] at 2; [37] at 1. The motion to amend was granted, and Ziering subsequently served a discovery demand on Underwriters, seeking production to only Zeiring and not the other parties to this action, of: (1) Underwriters' litigation guidelines, manuals, etc. . . .; (2) reports, correspondence, etc. from underlying counsel to Underwriters relating to the underlying property damage action; (3) reports, etc. from Underwriters to underlying counsel relating to the underlying property damage action; (4) copies of relevant investigation reports . . . . Underwriters objected to the demands as vague, overbroad, burdensome, irrelevant and improper, and as protected from discovery on privilege grounds.

Based on their objections, Underwriters produced no documents; nor did they produce a privilege log. Ziering made a motion to compel responses, and Underwriters did not oppose it. The motion was granted as unopposed, after which Underwriters explained that it had not opposed the motion because of confusion flowing from another order addressed to discovery deadlines, which they thought effectively denied the motion to compel. The undersigned vacated the grant of the motion to compel and now considers it anew.

### DISCUSSION

Underwriters argues first that the motion should be denied as moot, based on the court's previous denial of Ziering's application to extend the discovery date. The court rejects that argument. Although the court agrees that the denial of the discovery deadline in conjunction

with the original granting of the motion created an ambiguous situation, Ziering served its discovery demand within the discovery period, and, although the deadline had passed before the motion to compel was made, it presents a serious enough issue to warrant the court's consideration. Thus, I will not deem the motion moot, but will decide it on its merits.

Underwriters argues next that the documents sought "go well beyond" Ziering's estoppel defense, which, according to Underwriters, only comes into play when the defense afforded by the insurer in the underlying action was "offered in the absence of a reservation or disclaimer notification or, stated differently, the issue is whether in offering the defense the insured should be deemed to have waived the disclaimer grounds." DE[41] at 2 (citing *General Accident Insurance Co. of America v. Metropolitan Steel Indus., Inc.,* 9 A.D.3d 254 (1st Dep't 2004)). They state that, as a matter of record, they have not waived their disclaimer grounds based on late notice. *Id.* (citing to the 8/4/05 letter from Underwriters to Ziering). Underwriters defines the estoppel defense as arising when an insurer provides a defense without a reservation of right and then reneges on the offer of a defense. Ziering's real position, they urge, is a claim that "no court has previously found to exist: a purported failure to assign separate claims examiners for the coverage and defense aspects of the same claim file matter." DE[41] at 2. The claim, they state, is more akin to one for legal malpractice than to a true estoppel claim. While the letter referenced by Underwriters' clearly states that it will provide Ziering with a defense in the Davis action "without waiving any of the grounds for disclaimer" set forth in the letter, it is far from clear that an estoppel defense can arise only when disclaimer is waived, as Underwriters claims.

Ziering, in rebuttal, argues that Underwriters' articulation of the estoppel defense is entirely different from the actual defense Ziering is asserting. DE[43] at 1. Ziering is not

3

asserting that Underwriters has waived its right to disclaim coverage; instead, it seeks to estop Underwriters from denying coverage because it "failed to, in good faith, properly consider, investigate and assess the claims against its insured when it provided a defense" in the Davis action. *Id.* The duty to defend, it argues, must be fulfilled, and is not satisfied merely by designating independent counsel. *Id.* Thus, Ziering concludes, the internal claims procedure materials and written communications between Underwriters and underlying counsel are relevant to the estoppel defense because they pertain, not to any malpractice claim, but to a breach of Underwriters' duty owed to its insured in providing a defense. *Id.*

The court finds, on the record before it, no merit to Underwriters' argument that an estoppel argument can arise only where an insurer has waived its disclaimer rights. While such a waiver may well give rise to an estoppel defense, there is nothing before the court to demonstrate that an estoppel defense could not arise under other circumstances as well. Here, Ziering is apparently arguing that Underwriters is estopped from disclaiming coverage because it has breached its duty to provide a zealous defense to Ziering in the Davis action. In response to Underwriters' argument that no court has found the use of a single claims adjuster to be improper, Ziering argues that the fact that "a single claims adjuster has acted as both the insured's prosecutor and defender renders the limited nature of the defense pursued by the insurer highly suspect," and provides some proof in support of the estoppel defense. DE[43] at 2. Thus, Ziering does not claim that the use of a single claims adjuster is per se proof of breach of the duty to defend, only that it is some evidence of that breach, and enough to make the documents that they have demanded relevant. *Id.*, n.4. Much of the parties' argument goes to the merits of the estoppel defense itself, an issue that is not properly before this court now and cannot be decided

4

at this time. Whether that defense proves to be meritorious or not, the documents requested by Zeiring are relevant to it, and cannot be withheld on that ground.

Underwriters also argues, as to some of the documents that the communications between it and underlying counsel for Zeiring are protected by privilege. Ziering claims that the privilege is theirs, not Underwriters, and the court agrees. The documents at issue on this motion involve counsel appointed by the plaintiff to represent Zeiring in the underlying Davis action, not counsel hired by the plaintiff to represent their interests in this coverage action. "'New York courts have held that the counsel retained by the insurer may act as an attorney for that insurer as well as for the insured.'" *Tudor Insurance Co. v. McKenna Assocs.,* 2003 WL 21488058 (S.D.N.Y. June 25, 2003) at *2 (quoting *Bovis Lend Lease, LMB, Inc. v. Seasons Contracting Corp.,* 2002 WL 31729693 at *3 (S.D.N.Y. Dec. 5, 2002)(additional internal citations omitted)). But, where "'an insured retains counsel to defend an insured in litigation, the attorney's 'paramount' client is the insured.'" *Id.* (additional internal citations omitted). "Therefore, to the extent that the interests of the insured and the insurer collide with respect to the assertion of the attorney-client privilege for communications with counsel retained for the insured, the insured necessarily prevails." *Id.*

In *Tudor,* as here, the insurer sued the insured for a declaration of non-coverage after appointing counsel to defend the insured in the underlying suit. Thus, the *Tudor* court reasoned, the insurer could "no longer assert the [attorney-client] privilege as against its insured with respect to communications with" counsel for the insured in the underlying suit. *Id.* The same reasoning is applicable to work product documents prepared by underlying counsel, which were drafted primarily on behalf of the "paramount" client, the insured but does not apply to attorney client communications between the insurer and its coverage counsel. Applying this reasoning to

5

the documents at issue, the court finds that any privilege attached to them is Ziering's and Underwriters' cannot withhold production on that basis.

Finally, although Ziering may well have a right to those documents, the other parties to this action do not. Underwriters argues that there exists in this case a "sensitive tripartite relationship between the insurer . . ., the defense counsel assigned to defend its insured . . . in the *Davis* action, and the insured," which precludes Underwriters from divulging communications that might compromise underlying counsel in the underlying action." DE[41] at 2-3. To alleviate this concern, Ziering has suggested that the documents be produced only to Ziering and 444 Franklin Avenue Corporation, and not to the other parties to this action, including Felicia Davis, the plaintiff in the underlying suit. While this court is reluctant to allow discovery to some parties in a lawsuit and not to others, Zeiring has cited authority for such an approach, and this court will allow it. *See Tudor,* Wl 21488058 at *3. Thus, Underwriters must produce the documents at issue, with the proviso that Zeiring can use them, if at all, only in support of its estoppel defense. The court notes that the documents might be filed under seal if they are relevant to any dispositive motion, but takes no position at this time as to how the documents might be used at trial.

Dated: Central Islip, New York    **SO ORDERED:**
       May 28, 2008

                                                   /s/ William D. Wall
                                                   WILLIAM D. WALL
                                                   United States Magistrate Judge