UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

№ 06-CV-1130 (JFB)(WDW)

---

U.S. UNDERWRITERS INSURANCE COMPANY,

Plaintiff,

VERSUS

WILLIAM ZIERING,
444 FRANKLIN AVENUE CORPORATION,
AL-PROS CONSTRUCTION, INC.,
AL-FALOQ GENERAL CONSTRUCTION, INC.,
and FELICIA DAVIS.

Defendants.

---

**MEMORANDUM AND ORDER**
August 27, 2010

---

JOSEPH F. BIANCO, District Judge:

U.S. Underwriters Insurance Company (hereinafter, "U.S. Underwriters" or "plaintiff") filed the instant action against defendants William Ziering ("Ziering"), 444 Franklin Avenue Corporation ("444 Franklin"), Al-Pros Construction, Inc. ("Al-Pros"), Al-Faloq General Construction, Inc. ("Al-Faloq")[1] and Felicia Davis ("Davis"), seeking a declaratory judgment pursuant to 28 U.S.C. § 2201 ("the Federal Declaratory Judgment Act") for purposes of determining the parties' rights and liabilities with respect to insurance policy number CL 3084417 ("the policy") issued by plaintiff to Ziering doing business as ("d/b/a") 444 Franklin in 2005 and currently implicated in a state court action, captioned *Felicia Davis v. William Ziering, et al.*, New York Supreme Court, Kings County, Index. No. 20621/05 ("the state action"), initiated by Davis as against the remaining defendants for alleged damage to her property. On June 15, 2009, all parties except for Davis submitted a stipulation agreeing to discontinue the federal court action.

---

[1] For ease of reference in this opinion, Ziering, 444 Franklin, Al-Pros, and Al-Faloq are collectively referred to as "the remaining defendants."

Defendant Davis now moves for leave to amend her answer to add additional counterclaims against the remaining defendants and U.S. Underwriters. The remaining defendants and U.S. Underwriters oppose the motion and have filed motions for sanctions against Davis. For the reasons stated herein, Davis's motion to amend is denied, and plaintiff's and the remaining defendants' motions for sanctions are denied.

I. BACKGROUND

For purposes of this opinion, the Court assumes familiarity with the February 2, 2009 Memorandum and Order issued by this Court in the instant case, which denied plaintiff's motion for summary judgment. The relevant underlying facts and details of the instant matter are set forth in that opinion.

On March 13, 2006, plaintiff filed its complaint in the instant action. On April 13, 2006, defendants Ziering and 444 Franklin answered and counter-claimed. On December 21, 2006, defendants Al-Pros and Al-Faloq answered. On June 13, 2007, defendant Davis answered and counter-claimed. Plaintiff filed its answers to Davis's and Ziering's and 444's counterclaims on June 15, 2007 and on July 13, 2007, respectively. Defendants Ziering and 444 Franklin filed an amended answer to plaintiff's complaint and counterclaim on January 30, 2008. On October 10, 2008, plaintiff moved for summary judgment. This Court denied plaintiff's motion for summary judgment on February 2, 2009.

On May 5, 2009, U.S. Underwriters submitted a stipulation stating that it had agreed with defendants Ziering and 444 Franklin to discontinue with prejudice and without costs or attorneys' fees all of their respective claims and counterclaims against one another that were raised in this insurance coverage action. U.S. Underwriters also agreed to continue to defend, indemnify, and afford coverage in accordance with the Policy provisions to Ziering and 444 Franklin against all of the claims raised against them in the underlying state court action by Davis. In a letter accompanying the stipulation, U.S. Underwriters noted that, as the remaining defendants were "incidental parties to the insurance coverage dispute," the Court should discontinue the case with prejudice.

On June 15, 2009, U.S. Underwriters submitted a letter to the Court, noting that all parties except defendant Davis had consented to discontinue the insurance coverage matter without prejudice. A stipulation of discontinuance on behalf of all parties but Davis was submitted on that date. By letter dated July 13, 2009, Davis filed a letter requesting a pre-motion conference in anticipation of filing a motion to amend her answer to add additional counterclaims. On August 14, 2009, this Court held a pre-motion conference to discuss Davis's proposed motion. On October 20, 2009, Davis filed her motion to amend/correct/supplement the answer. On November 20, 2009, defendants Ziering and 444 Franklin filed their opposition and filed a motion for sanctions against Davis for bringing the underlying motion. On November 23, 2009, U.S. Underwriters, Al-Faloq, and Al-Pros filed their oppositions and separate motions for sanctions against defendant Davis. On December 8, 2009, Davis filed her reply and opposition to the motion for sanctions. On December 16, 2009, U.S. Underwriters, Al-Faloq and Al-Pros, Ziering, and 444 Franklin filed replies in support of their motions for sanctions. On December 22, 2009, defendant Davis filed a sur-reply. This matter is fully submitted.

II. MOTION TO AMEND

Davis filed her motion for the Court to grant her leave to amend her pleadings and to set "various pre-trial conferences in this matter." (Davis Mot. at 1.) Specifically, it appears that Davis would like the Court to schedule a settlement conference between the parties to this action. For the reasons set forth below, the Court denies Davis's motion to amend her pleadings.

A. Davis's Proposed Amendments

In her motion to amend, defendant Davis outlined her proposed amendments to the pleadings.[2] Specifically, Davis contends that her damages have increased since the commencement of the underlying state action five years ago. She claims that, since the commencement of the state action,[3] her home has continued to deteriorate "to the point that she and her children and grandchildren were forced to vacate the premises and move more than fifty (50) miles away." (Davis's Mem. of Law at 2.) Davis further contends that she has suffered financial loss and needed to take leave from her job for eight months. She further claims that she suffered emotional distress from the events associated with this action. (*Id.*)

The proposed amended answer asserts claims against U.S. Underwriters for damages and costs related to the declaratory judgment action. (*See* Proposed Am. Answer at 6-7.) The amended answer also asserts claims against Ziering, 444 Franklin, Al-Pros, and Al-Faloq relating to the underlying damages to Davis's home that resulted from the construction on Ziering d/b/a 444 Franklin's property. (*See id.* at 7-12.)

B. Motion to Amend

1. Legal Standard

Generally, Federal Rule of Civil Procedure 15(a) ("Rule 15") applies to motions to amend the pleadings.[4] Under Rule

---

[2] As a threshold matter, the Court notes that Davis failed to submit a copy of the proposed amended pleadings with her motion. Although the Court could deny Davis's motion on this ground, *see, e.g.*, *Colida v. Nokia Am. Corp.*, No. 05 Civ. 9920 (KMW) (HBP), 2006 WL 2597902, at *3 (S.D.N.Y. Sept. 11, 2006), this Court proceeds to the merits of her claims because Davis did attach the proposed amended pleadings in her reply and opposition to the motion for sanctions.

[3] As outlined in this Court's February 2, 2009 Memorandum and Order, on or about May 22, 2005, Ziering received a complaint from Davis, the owner of the adjacent lot located at 14 Roosevelt Place, that her property had sustained damages purportedly caused by construction activities taking place at 16 Roosevelt Place, a property owned by Ziering d/b/a 444 Franklin. (Pl.'s Summary Judgment 56.1 ¶ 9.) By letter dated May 23, 2005, written by Ziering on behalf of Al-Faloq, Al-Faloq agreed to make certain repairs to Davis' property, addressing "cracks in the basement," door realignment, basement spackling and patio resurfacing. (*Id.* ¶ 10.) In the verified complaint filed in the state action, Davis represents that this was a "nominal[] offer[] to make superficial repairs to [Davis's] home." (Hazard Aff., Ex. C.)

[4] Some of Davis's allegations in the proposed amended counterclaims may have occurred after the filing of the initial complaint in this action. As such, they are more properly considered as a "motion to supplement" under Federal Rule of Civil Procedure 15(d). The same standard, however, applies to both motions to amend and motions to supplement. *See, e.g.*, *Roller Bearing Co. of Am., Inc. v. Am. Software, Inc.*, 570 F. Supp. 2d 376, 383 n.1 (D. Conn. 2008) ("[T]he

3

15(a), leave to amend "shall be freely granted when justice so requires." Motions for leave to amend should be denied only for reasons such as undue delay, bad faith, futility of the amendment or prejudice to the other party. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 603-04 (2d Cir. 2005); *see also Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) ("One appropriate basis for denying leave to amend is that the proposed amendment is futile."). An amendment is considered futile if, for example, it could not defeat a motion to dismiss for failure to state a claim or for lack of subject matter jurisdiction. *See Riccuiti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991); *Chan v. Reno*, 916 F. Supp. 1289, 1302 (S.D.N.Y. 1996). Thus, "whether considered in the context of a motion to dismiss or opposition to a motion for leave to amend, the viability of a claim is evaluated by the same legal standard." *K.R. ex rel. Perez v. Silverman*, No. 08-cv-2192 (RJD) (SMG), 2009 WL 2959580, at *3 (E.D.N.Y. Aug. 13, 2009).

A separate standard applies for modifications to a scheduling order that set an already-expired deadline for amendments to the pleadings. Federal Rule of Civil Procedure 16(b) ("Rule 16") applies to motions to amend the pleadings for cases that have progressed beyond the initial deadline set for amendments to the pleadings. Under Rule 16(b), within 90 days after the appearance of the defendant(s) and within 120 days of the service of a complaint on the defendant(s), the district court shall enter a scheduling order setting deadlines for subsequent proceedings in the case, including joinder of parties and amendments to the pleadings. *See* Fed. R. Civ. P. 16(b); *see*

---

standards for permitting additional pleading under Rule 15(a) and Rule 15(d) are the same.").

*also Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339-40 (2d Cir. 2000). By limiting the time for amendments, the rule "is designed to offer a measure of certainty in pretrial proceedings, 'ensuring that at some point both the parties and the pleadings will be fixed.'" *Parker*, 204 F.3d at 340 (quoting Fed. R. Civ. P. 16 advisory committee's note (1983 amendment, discussion of subsection (b))). The rule provides, however, that in certain cases, the Court may determine that "[the deadline] cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* "This inquiry focuses on the moving party's reason for requesting the extension." *Pyke v. Cuomo*, No. 92-CV-554 (NPM/DRH), 2004 WL 1083244, at *2 (N.D.N.Y. May 12, 2004) (internal citations omitted). The Second Circuit has emphasized that "the primary consideration" in determining whether good cause has been shown "is whether the moving party can demonstrate diligence." *Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). Even if the Court finds that the Rule 16(b) "good cause" standard has been satisfied, it must then proceed to consider whether the new claim survives scrutiny under Rule 15. *See Faghri v. Univ. of Conn.*, No. 3:06-cv-01957 (VLB), 2010 WL 2232690, at *6 (D. Conn. June 3, 2010) (citing *Lincoln v. Potter*, 418 F. Supp. 2d 443, 454-55 (S.D.N.Y. 2006)).

According to the scheduling order in this case, motions to amend pleadings and to join additional parties were required to be filed on or before May 10, 2007. This scheduling order was "So Ordered" by Magistrate Judge Wall on February 20, 2007. Accordingly, to amend the scheduling order in this case to permit defendant Davis to amend her pleadings, Davis must demonstrate good cause.

## 2. Good Cause

Davis appears to argue that good cause exists for the amendment to her pleadings because her damages have increased since commencement of the underlying state action. She alleges that she has suffered psychological and emotional distress, as well as financial loss, as a result of the other parties' actions.

As noted above, the good cause inquiry focuses on the moving party's reason for requesting the extension, *see Pyke*, 2004 WL 1083244, at *2, and "the primary consideration" in determining whether good cause has been shown is "whether the moving party can demonstrate diligence." *Kassner*, 496 F.3d at 244. Here, Davis seeks to amend her pleadings well after May 10, 2007, the deadline in the scheduling order for amending the pleadings. Additionally, at no earlier time did Davis seek an extension of time to file an amended pleading; rather, Davis filed her present motion without reference to the civil scheduling order, ignoring it entirely. *See NAS Elecs., Inc. v. Transtech Elecs. PTE Ltd.*, 262 F. Supp. 2d 134, 150 (S.D.N.Y. 2003). Davis submitted the motion to amend her answer and counterclaims without any attempt to obtain leave to file a late motion to amend or to show good cause. While Davis's memorandum of law in support of the motion to amend states that several of the events on which the amended claims are based have occurred since the time of filing the underlying state court action, it is clear the essence of Davis's claims arise out of the events that are the subject of her original state court complaint. Davis certainly had knowledge of the underlying facts and circumstances in the case for a period of several years and could have made the motion to add counterclaims regarding these events within the specified time period, or at least prior to July 2009, when her initial application to file this motion was made. *See id.* Accordingly, the Court determines that Davis's actions evidence a lack of diligence and an absence of good cause for the delay in bringing her motion to amend. *See id.*; *see also Parker*, 204 F.3d at 340-41. Accordingly, defendant Davis has failed to carry her burden of showing good cause as to why she should be granted leave to amend her pleading after the deadline provided in the pre-trial scheduling order.

## 3. Futility

Even assuming that Davis has demonstrated good cause for amending the scheduling order, the Court concludes that Davis's proposed amendments would be futile. Although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a pleading "shall be freely given when justice so requires," leave to amend may be denied as futile when any newly asserted claims would not withstand a motion to dismiss. *See Dluhos v. Floating & Abandoned Vessel, Known as New York*, 162 F.3d 63, 69-70 (2d Cir. 1998) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Nash v. Human Dev. Servs. of Westchester*, No. 02 Civ. 8551 (DF), 2003 WL 22871911, at *6 (S.D.N.Y. Dec. 4, 2003).

An amendment to the pleadings may be deemed futile if, even once the proposed amendment is granted, the plaintiff would lack standing to bring the claim. *See, e.g.*, *Manigaulte v. C.W. Post of Long Island Univ.*, 659 F. Supp. 2d 367, 378 (E.D.N.Y. 2009) ("As plaintiff does not have standing to bring a claim under Title III of the ADA on behalf of learning disabled students, an amendment allowing such a cause of action would be futile."); *see also Thabault v. Sorrell*, No. 1:07-CV-166, 2008 WL 3582743, at *2 (D. Vt. Aug. 13, 2008) (denying leave to re-plead

5

or amend complaint when plaintiff lacked standing to assert proposed claim). Furthermore, an amendment may be futile if any proposed amendment would not cure or would result in jurisdictional defects that would deprive this Court of subject matter jurisdiction over the proceedings. *See, e.g.*, *Latino Quimica-Amtex S.A. v. Akzo Nobel Chems. B.V.*, No. 03 Civ. 10312, 2005 WL 2207017, at *4 (S.D.N.Y. Sept. 8, 2005) ("Where a court would lack subject matter jurisdiction over the case as pleaded in the proposed amendment, the court may deny leave to amend on the ground of futility." (citing *Chan v. Reno*, 916 F. Supp. 1289, 1302 (S.D.N.Y. 1996))); *United States ex rel. Phipps v. Comprehensive Cmty. Dev. Corp.*, 152 F. Supp. 2d 443, 455-56 (S.D.N.Y. 2001) (denying leave to re-plead where the court determined that it did not have subject matter jurisdiction over plaintiff's claim).

Thus, in order to assert the instant counterclaims, defendant Davis must demonstrate that she has standing to assert those claims and that this Court has subject matter jurisdiction over the claims. The Court concludes that any attempt by Davis to amend her pleadings to add counterclaims against the remaining defendants and U.S. Underwriters would be futile because she lacks standing to assert claims against U.S. Underwriters and because this Court would lack subject matter jurisdiction over claims against any of the remaining defendants.[5]

a. Standing

Defendant Davis lacks standing to bring her proposed claims against U.S. Underwriters.[6] Specifically, Davis lacks standing to pursue her coverage counterclaims against U.S. Underwriters without first having obtained an unsatisfied judgment against Ziering.

Under New York law, claimants may bring a direct action against an insurer only if they satisfy the following pre-conditions to suit: specifically, under New York Insurance Law § 3420, an injured party may sue the

---

[5] Courts may also deny leave to amend if permitting such amendment would prejudice the other parties. *Foman v. Davis*, 371 U.S. 178, 182 (1962). To determine whether non-moving parties would be prejudiced by a proposed amendment to the pleadings, the Court may examine whether the amendment (1) would require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (2) would significantly delay the resolution of the dispute; or (3) would prevent the plaintiff from bringing a timely action in another jurisdiction. *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). Davis's proposed amendments attempt to assert claims that are unrelated to the prior pleadings, prior discovery, and the declaratory judgment action that initiated this case. The parties would start anew at litigating claims that are, at least in part, already being litigated in state court. Accordingly, the Court concludes that denial of leave to amend the pleadings is warranted based upon prejudice to the parties, *see, e.g.*, *NAS Elecs., Inc.*, 262 F. Supp. 2d at 151, as well as the futility of the proposed amendments, as discussed *infra*.

[6] Although the proposed amended pleading contains two causes of action that appear to be asserted against U.S. Underwriters, in her reply, Davis states that "[t]here are no counterclaims being pursued against U.S. Underwriters," and "[t]here is no direct action against U.S. Underwriters except that they are the actual head of the litigation and are directing their defense counsels." (Davis Reply ¶¶ 31, 32.) Nonetheless, out of an abundance of caution, the Court analyzes the merits of Davis's motion for leave to amend the pleadings to add the proposed amended claims against U.S. Underwriters.

6

tortfeasor's insurer only if the injured party first obtains a judgment against the tortfeasor, serves the insurance company with a copy of the judgment, and awaits payment for thirty days. *Lang v. Hanover Ins. Co.*, 820 N.E.2d 855, 858 (N.Y. 2004); *see also* N.Y. Ins. Law § 3420; *Murphy v. Fed. Ins. Co.*, No. 04-CIV-1699 (LTS) (THK), 2005 WL 957410, at *2 (S.D.N.Y. Apr. 22, 2005); *Vargas v. Bos. Chicken, Inc.*, 269 F. Supp. 2d 92, 97 (E.D.N.Y. 2003). Thus, Davis has "no common-law right to seek relief directly from [the] tortfeasor's insurer, and the statutory right created in Insurance Law § 3420 arises only after [Davis] has obtained a judgment in the underlying personal injury action." *See Murphy*, 2005 WL 957410, at *2. Davis has not obtained a judgment against Ziering, U.S. Underwriters' insured. Defendant Davis acknowledges that the underlying state court lawsuit is still pending.

Accordingly, under New York Insurance Law § 3420, as interpreted by the New York Court of Appeals, this Court concludes that any purported claims by Davis against U.S. Underwriters would be premature. Having failed to obtain a judgment in the underlying action, Davis lacks standing to seek a judgment—declaratory or otherwise—against U.S. Underwriters as to the insurance policy at issue. Thus, any amendment to Davis's pleadings to add a claim against U.S. Underwriters would be futile, and Davis's motion for leave to amend her pleadings to add claims against U.S. Underwriters is denied on this ground.[7]

b. Subject Matter Jurisdiction

To the extent Davis moves to amend her pleadings to assert claims against the remaining defendants, such amendments would be futile because this Court would lack jurisdiction over such claims.

This action was instituted by U.S. Underwriters against Ziering, its insured. Davis, Al-Pros, and Al-Faloq were nominal parties whose interests might potentially have been affected by the declaratory judgment action. After plaintiff's motion for summary judgment was denied, who engaged in settlement discussions with defendant Ziering in order to resolve their dispute. These parties agreed that U.S. Underwriters would defend and indemnify Ziering in the state court action, and Ziering stipulated that he would discontinue his counterclaim for legal fees associated with the defense of the declaratory judgment action without recoupment of any fees incurred. U.S. Underwriters and Ziering entered into a stipulation of settlement and executed a stipulation of discontinuance, thus ending their dispute. (*See* Docket Entry [79].)

The initial action was brought in federal court based upon the Court's diversity jurisdiction, because U.S. Underwriters is a North Dakota insurance corporation based in Pennsylvania, and all defendants are New York State residents and corporations. If Davis is permitted to file amended pleadings, and thus assert new counterclaims, this Court

---

[7] Although Davis contends that U.S. Underwriters has been acting in bad faith since the commencement of this action, Davis's allegations refer mainly to U.S. Underwriters' behavior with respect to settling the matter. A party's refusal to negotiate toward a settlement is not relevant to the inquiry of whether a party should be permitted to amend its pleadings. Moreover, even if it were basis for granting leave to amend the pleadings, in the absence of jurisdiction over the amended claims, this Court is without recourse to grant Davis's requested relief.

7

would lack jurisdiction because (1) the claims that Davis is attempting to assert are not federal claims; and (2) there is no diversity of jurisdiction in any remaining claims.

First, the claims against the remaining defendants that Davis seeks leave to add to her pleadings are not federal claims. Davis's claims sound in tort—specifically, they are based on claims of negligence relating to damage to her property. These are state law claims. Accordingly, because these are not federal claims, the only way that this Court could exercise independent jurisdiction over the claims is if it has diversity jurisdiction in the case. It is axiomatic that federal courts have diversity jurisdiction only when there is complete diversity between the parties—that is, when all plaintiffs are citizens of different states from all defendants. *See* 28 U.S.C. § 1332(a); *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 68 (2d Cir. 1990); *Advani Enters., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998). In other words, if any plaintiff shares citizenship of the same state as any defendant, complete diversity does not exist and diversity jurisdiction is lacking. In addition, in order for there to be diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). If Davis asserts new claims against the other parties in this case, Davis would become the plaintiff in this case. U.S. Underwriters is no longer plaintiff to this action, as it has submitted a stipulation of discontinuance of its claims. Thus, there would not be diversity of jurisdiction because all defendants in this action are New York residents or New York corporations. Even if Davis asserts claims against U.S. Underwriters (a North Dakotan corporation) as well, there needs to be complete diversity—that is, Davis must be a citizen of a different state from *all* defendants. *See Cresswell*, 922 F.2d at 68. Accordingly, because there is no federal claim asserted in Davis's proposed amended counterclaims and because there is no diversity jurisdiction between Davis as counterclaim-plaintiff and the remaining defendants as counterclaim-defendants, this Court lacks original jurisdiction over these claims.

c. Supplemental Jurisdiction

Davis also argues that this Court should exercise its supplemental jurisdiction over her claims. This argument fails. As an initial matter, this Court may not exercise supplemental jurisdiction over Davis's claims against Al-Pros and Al-Faloq. Moreover, even if exercising supplemental jurisdiction were a matter of discretion, this Court declines to exercise such discretion in light of the circumstances here present.

A district court may not exercise supplemental jurisdiction when:

> In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

28 U.S.C. § 1367(b). Jurisdiction over the original action in this case was founded on §

1332, which provides the basis for the Court's diversity jurisdiction. Al-Pros and Al-Faloq are parties joined under Rule 19 to this action, and thus the Court does not have supplemental jurisdiction over Davis's claims because supplemental jurisdiction over the claims would be inconsistent with the jurisdictional requirements of § 1332; that is, as discussed *supra*, there is no diversity jurisdiction between counterclaim-plaintiff, Davis, and the counterclaim-defendants.

Where supplemental jurisdiction is not entirely precluded, a district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). In these cases, "[t]he exercise of supplemental jurisdiction is left to the discretion of the district court, and this [C]ourt's review is limited to whether the district court abused its discretion." *Ametex Fabrics, Inc. v. Just In Materials, Inc.*, 140 F.3d 101, 105 (2d Cir. 1998) (internal quotation marks omitted); *see Purgess v. Sharrock*, 33 F.3d 134, 138 (2d Cir. 1994) (same). "[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 183 (2d Cir. 2004) (quoting *Castellano v. Bd. of Trs.*, 937 F.2d 752, 758 (2d Cir. 1991)).; *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). "Moreover, the discretion implicit in the word 'may' in subdivision (c) of [28 U.S.C.] § 1367 permits the district court to weigh and balance several factors, including considerations of judicial economy, convenience, and fairness to litigants." *First Capital Asset Mgmt.*, 385 F.3d at 183 (quoting *Purgess*, 33 F.3d at 138); *see also Castellano*, 937 F.2d at 758.

Even assuming that § 1367(b) does not preclude this Court from exercising supplemental jurisdiction over claims against Al-Pros and Al-Faloq and that this were a matter of discretion (as it is with respect to the other defendants), this Court "'decline[s] to exercise supplemental jurisdiction'" over plaintiff's state law claims against any parties, in its discretion, because "it 'has dismissed all claims over which it ha[d] original jurisdiction.'" *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting 28 U.S.C. § 1367(c)(3)); *see also. Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008) ("We have already found that the district court lacks subject matter jurisdiction over appellants' federal claims. It would thus be clearly inappropriate for the district court to retain jurisdiction over the state law claims when there is no basis for supplemental jurisdiction."); *Karmel v. Claiborne, Inc.*, No. 99 Civ. 3608 (WK), 2002 WL 1561126, at *4 (S.D.N.Y. July 15, 2002) ("Where a court is reluctant to exercise supplemental jurisdiction because of one of the reasons put forth by § 1367(c), or when the interests of judicial economy, convenience, comity and fairness to litigants are not violated by refusing to

entertain matters of state law, it should decline supplemental jurisdiction and allow the plaintiff to decide whether or not to pursue the matter in state court.").

In *National Westminster Bank, PLC v. Grant Prideco, Inc.*, 343 F. Supp. 2d 256 (S.D.N.Y. 2004), when the plaintiff, NatWest, entered into a settlement with one of the defendants, GPI, whereby it dismissed its claims against GPI and another defendant, Weatherford, and assigned its claims against a third defendant, Active, to GPI, the court found that the dismissal of NatWest eliminated the diverse plaintiff. *Id.* at 257-58. Accordingly, the court determined that it should not exercise supplemental jurisdiction over any remaining claims. Specifically, the court in *National Westminster* noted that the exercise of supplemental jurisdiction was not warranted because:

> [t]his is a factually complex commercial dispute governed by state law. In the absence of diversity, there is no substantial federal policy that would be advanced by retaining jurisdiction. The Court's investment of time and resources in the matter is not so extensive as to warrant retention on that ground. The extensive discovery taken by the parties is readily available for use in the state courts.

*Id.* at 258. Similar factors are present here that warrant dismissal of any purported claims that Davis is attempting to assert.

Although Davis argues that the Court should retain jurisdiction over her claims because "substantial judicial resources have already been committed in federal court," this Court disagrees. This Court has not even begun to consider the counterclaims that Davis would like to assert against the remaining defendants and plaintiff. Although this case has been in federal court for years, the parties have engaged in discovery, and this Court ruled on plaintiff's summary judgment motion, those proceedings were in relation to claims that are different from those that Davis now wishes to assert. The proposed amendments seek to set forth new claims that are distinct from those previously asserted in Davis's original answer. Moreover, assuming that any discovery is relevant to Davis's claims, as in *National Westminster*, "[t]he extensive discovery taken by the parties is readily available for use in the state courts." *Id.* at 258. Furthermore, the efficiencies gained by a federal court exercising supplemental jurisdiction are obviated here: Davis's claims are currently pending in state court, in a proceeding that has been litigated in state court for over four years. Dismissal of this case from federal court will not result in the need to file a case anew in state court.

Davis further argues that her motion to amend should be granted because plaintiff has impermissible motives in seeking to dismiss this action. Specifically, Davis argues that plaintiff's stipulation of discontinuance comes late in the litigation, subsequent to plaintiff's failed motion for summary judgment, and is an attempt by plaintiff to forum shop by removing this case from federal court. In further support of her argument, Davis argues that there is "injustice . . . looming in the underlying state action" because Al-Faloq is not represented by counsel in the state action, has not filed an answer in the state action, and was dissolved as an entity in New York State in February 2009.[8] However, Davis's

---

[8] To the extent Davis takes issue with Al-Faloq's failure to inform the Court of its dissolution by consent in February 2009, the Court notes that the

arguments are without merit. Even if defendant Davis was attempting to assert claims that would confer jurisdiction over this Court, the Court would be well within its discretion to deny an amendment to the pleadings at this stage because, in light of the stipulation between the remaining parties, it currently lacks an independent basis for jurisdiction over the claims. Although the Court may consider (and has considered) Davis's assertions in determining whether, under its discretion, to exercise supplemental jurisdiction over the claims, the Court has decided in its discretion not to exercise supplemental jurisdiction over the state law claims against any parties for the reasons stated *supra*.

Accordingly, pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to retain jurisdiction over any remaining state law claims given the absence of any federal claims or claims based upon diversity jurisdiction in this matter.[9]

---

failure to inform the Court of its dissolution is irrelevant to the jurisdictional inquiry, and under New York Business Corporation Law:

> The dissolution of a corporation shall not affect any remedy available to or against such corporation, its directors, officers or shareholders for any right or claim existing or liability incurred before such dissolution . . . .

N.Y. Bus. Corp. Law § 1006(b). The Court further notes that any arguments Davis makes regarding the Court's scrutiny of the stipulation between the parties are not appropriately raised in the context of a motion to amend the pleadings.

[9] Finally, to the extent that defendant Davis argues that courts may grant further relief in declaratory judgment actions, the Court notes that it has not issued any declaratory judgment in this action, and, therefore, further relief is unwarranted.

\* \* \*

In sum, it is well-settled that leave to amend should not be granted if the amendment would be futile in curing subject matter jurisdiction defects. *See Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (leave to amend should be "freely given" absent "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."); *Smith v. Everson*, No. 06-CV-0791 (SJF), 2008 WL 818512, at \*4 (E.D.N.Y. Mar. 21, 2008) ("Where a court would lack subject matter jurisdiction over the case as pleaded in the proposed amendment, the court may deny leave to amend on the ground of futility" (internal citation and quotation marks omitted)). Here, the Court concludes that Davis's proposed amendments would be futile, as Davis lacks standing to assert claims against U.S. Underwriters, and this Court would still lack jurisdiction over the new claims. Furthermore, the Court concludes that it is precluded from exercising supplemental jurisdiction over Davis's claims against Al-Pros and Al-Faloq under 28 U.S.C. § 1367(b). In any event, the Court declines, in its discretion, to exercise supplemental jurisdiction over any proposed state law claim by plaintiff against any party. Thus, the proposed amendment to add state law claims is denied as futile.

### III. MOTION FOR SANCTIONS

The remaining defendants and U.S. Underwriters seek to impose sanctions, pursuant to Rule 11 of the Federal Rules of Civil Procedure ("Rule 11"), against defendant Davis and her counsel.

Specifically, the moving parties claim that, in filing this motion, Davis submitted a frivolous pleading that was not warranted by existing law or by a good-faith argument for the extension, modification, or reversal of existing law, or for the establishment of new law, and continued to pursue claims with no legal or factual basis. The moving parties also cite Davis's counsel's behavior with respect his to attempts to settle the case.[10] For the reasons that follow, the motions for sanctions are denied.

Under Rule 11, to avoid the risk of sanctions, counsel must undertake reasonable inquiry to "ensure that papers filed are well-grounded in fact, legally tenable, and not interposed for any improper purpose." *Gal v. Viacom Int'l, Inc.*, 403 F. Supp. 2d 294, 307 (S.D.N.Y. 2005) (internal quotation marks omitted) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990)). In considering a motion for sanctions under Rule 11, this Court applies an objective standard of reasonableness. *See MacDraw, Inc. v. CIT Group Equip. Fin., Inc.*, 73 F.3d 1253, 1257-58 (2d Cir. 1996). Moreover, "[R]ule 11 is violated only when it is patently clear that a claim has absolutely no chance of success." *Oliveri v. Thompson*, 803 F.2d 1265, 1275 (2d Cir. 1986) (internal quotation marks and citation omitted). Additionally, "[w]hen divining the point at which an argument turns from merely losing to losing and sanctionable, . . . courts [must] resolve all doubts in favor of the signer" of the pleading. *Rodick v. City of Schenectady*, 1 F.3d 1341, 1350 (2d Cir. 1993) (internal quotation marks omitted).

The Court has no reason to believe that Davis's motion was made in bad faith, with knowledge that the argument was wholly without merit. Moreover, there is no basis to conclude that the motion was frivolous from a legal standpoint, as Davis's counsel made several arguments in favor of granting the motion to amend and attempted to cite case law in support of his position. Finally, the fact that the Court rejected the arguments and denied the motion to amend does not warrant the imposition of sanctions in this case. *See, e.g.*, *Mareno v. Rowe*, 910 F.2d 1043, 1047 (2d Cir. 1990) ("The positions advanced by [the moving party] and his attorney, however faulty, were not so untenable as a matter of law as to necessitate sanction. Nor did they constitute the type of abuse of the adversary system that Rule 11 was designed to guard against."); *see also Nesmith v. Martin Marietta Aerospace*, 833 F.2d 1489, 1491 (11th Cir. 1987) (finding Rule 11 sanctions unwarranted, even when "[t]he evidence [the moving party] presented not only failed to indicate discriminatory treatment, but instead revealed that [the moving party] received several salary increases and promotions during his tenure. [The moving party] made no showing that other similarly situated members of the unprotected class were treated preferentially nor did he present evidence of retaliation. Under these circumstances, it is apparent that [moving party's] claim may be characterized as without foundation, but there is no evidence that he was in bad faith in bringing the claim, or that it was brought for any purpose other than to receive what he thought he was entitled to under the law."); *Sci. Components Corp. v. Sirenza Microdevices, Inc.*, No. 03 Civ. 1851 (NGG), 2007 WL 1026411, at *5 (E.D.N.Y. Mar. 30,

---

[10] To the extent that the moving parties cite Davis's counsel's behavior in the state court action, this Court may not take such behavior into account in determining whether sanctions are warranted. *Brown v. Capitol Air, Inc.*, 797 F.2d 106, 108 (2d Cir. 1986) ("Rule 11, of course, does not purport to authorize sanctions for actions taken in state courts.").

2007) ("The court agrees that [the defendant] has been imprudent in choosing to litigate this claim. However, Rule 11 sanctions are not appropriate where there is a viable claim that is weak."); *Eisenberg v. Yes Clothing Co.*, No. 90 Civ. 8280 (JFK), 1992 WL 36129, at *4 (S.D.N.Y. Feb. 19, 1992) ("Rule 11 sanctions are not to be imposed on every litigant that files a motion that the Court deems premature, or ill-advised, or weak.").

In sum, there is insufficient basis to conclude that Davis or her counsel filed these papers in bad faith or that any other grounds for sanctions are present. Accordingly, the motions for sanctions under Rule 11 are denied.

### IV. CONCLUSION

For the foregoing reasons, Davis's motion to amend her answer is denied. The remaining defendants' and plaintiff's motions for sanctions are also denied.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: August 27, 2010
Central Islip, New York

\* \* \*

Attorney for plaintiff is Steven Verveniotis, Miranda Sokoloff Sambursky Slone Verveniotis, LLP, 240 Mineola Boulevard, Mineola, NY, 11501. Attorney for defendants William Ziering and 444 Franklin Avenue Corp. is Jason Stuart Firestein, Rubin & Licatesi, P.C., 591 Stewart Avenue, Fourth Floor, Garden City, NY, 11530. Attorney for defendants Al-Pros Construction, Inc. and Al-Faloq General Construction, Inc. is William Joseph Mitchell, Ahmuty, Demers & McManus, 200 I.U. Willets Road, Albertson, NY, 11507. The attorney for defendant Felicia Davis is Derek P. McDowell, 1476a Fulton Street, Brooklyn, NY, 11216.